IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KENNETH R. JOHNSON | § | |
|     TDCJ-CID #1536748 | § | |
| v. | § | C.A. NO. V-10-025 |
| | § | |
| RICK THALER, ET AL. | § | |

**OPINION AND ORDER DISMISSING CERTAIN CLAIMS AND RETAINING ACTION**

    This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983.

    Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

    Applying these standards, plaintiff's Eighth Amendment claim alleging deliberate indifference to his health and safety is retained against defendant Officer Adams, and service shall be ordered on this defendant. However, plaintiff's claims against defendants Rick Thaler and Angela Skinner are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 13), this case was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 14); see also 28 U.S.C. § 636(c).

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and he is currently incarcerated at the Stiles Unit in Beaumont, Texas, although his complaint concerns events that occurred while he was confined at the Stevenson Unit in Cuero, Texas. He filed his original complaint on March 30, 2010, naming TDCJ-CID Director Rick Thaler, Angela Skinner, and Officer Adams as defendants. (D.E. 1).

A Spears[1] hearing was held on August 24, 2011. The following allegations were made in plaintiff's original complaint, or at the hearing:

On January 11, 2010, between the hours of 4:00 a.m. and 5:00 a.m., plaintiff was in a transport van en route from the Stevenson Unit to the Jester III Unit where he was scheduled to receive a back brace the next day, due to the fact that his current back brace needed to be replaced. He was in hand restraints and chained to another, larger, inmate. A third inmate was sitting across from plaintiff in the back of the van. There were no seat belts available.

Officer Adams was driving the van, and another officer sat in the passenger seat. He was speeding, and at least twice plaintiff heard the van driving over rumble strips on the shoulder of

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

the road. The inmate chained to plaintiff commented, "this dude is gonna kill us." Shortly thereafter, Officer Adams slammed on the brakes as the van hit a deer. Plaintiff was thrown up against the security cage, with the other inmate pinning him from behind. Following the accident, the officers decided the van could still be driven, and they called on the radio to the McConnell Unit to advise staff there that plaintiff would need to be seen by medical because he had "gotten roughed up a little."

Plaintiff arrived at the McConnell Unit about twenty minutes later. He was taken to the infirmary where he complained of back and generalized pain. The nurse gave him Ibuprofen. Plaintiff was then loaded into a different van and taken to the Jester II Unit, arriving that evening. He told an officer about the accident and again he was taken to the infirmary. Another nurse prescribed a three-day supply of Ibuprofen.

The next morning, on January 12, 2010, plaintiff was taken to Jester III Unit and fitted for his new back brace. On January 13, 2010, he returned to the Stevenson Unit where he continued to complain of pain. Nurse Jones advised him to submit a sick call request, and gave him another three-day supply of Ibuprofen.

On January 15, 2010, plaintiff was seen by Dr. Burns. After relating that he was in pain and experiencing numbness in his feet, Dr. Burns ordered x-rays. On February 9, 2010, he told plaintiff that his x-rays did not reveal a fracture, but he referred plaintiff to see an orthopedic specialist at John Sealy Hospital in Galveston, Texas.

In March 2010, plaintiff saw via telemed an orthopedic doctor who ordered that plaintiff be medically unassigned, and who also referred him to a neurologist. In April 2010, Dr. Burns referred him to a neurologist.

In August 2010, plaintiff was taken to John Sealy Hospital for evaluation by a neurologist. An MRI revealed that his sciatic nerve was pressing on two discs, and surgery was recommended. In addition, plaintiff was prescribed Tylenol #3 for pain, and a muscle relaxant.

In December 2010, plaintiff had x-rays of his head prior to undergoing back surgery. On January 29, 2011, he had back surgery. He was then sent to the Jester III Unit for physical therapy. In late April 2011, plaintiff was returned to the Stevenson Unit. Approximately five or six days later, he was transferred to the Stiles Unit.[2]

### III.  DISCUSSION

**A.    The Legal Standard For Screening Inmate Civil Rights Actions.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id.

---

[2] Plaintiff testified that, since arriving at the Stiles Unit, certain of his health care property, such as a medical donut and a bag, have been taken away from him, despite the fact that doctors in Galveston prescribed these items. In addition, he is medically unassigned, but the warden tells him that he "can do something." To the extent plaintiff seeks to raise claims against Stiles Unit officials, he is advised that he must do so in a separate civil action filed in the Eastern District of Texas, Tyler Division. See 28 U.S.C. § 124(c)(2).

(citation omitted).

**B.     Analysis Of Plaintiff's Claims.**

    **1.     Plaintiff's claims against the individual defendants in their official capacity are dismissed.**

Plaintiff did not state in what capacity he is suing the named defendants, so it is assumed that he is suing the defendants in both their individual and official capacities.

The Eleventh Amendment bars claims against a state filed pursuant to § 1983. Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 875 n.9 (5th Cir. 1991)). "Section 1983 does not waive the state's sovereign immunity." Id. (citing Quern v. Jordan, 440 U.S. 332, 338 n.7 (1979)). "Texas has not consented to this suit." Id. (citing Emory v. Texas State Bd. of Med. Exam'rs, 748 F.2d 1023, 1025 (5th Cir. 1984)). A suit against a state official in his or her official capacity is a suit against the official's office, and consequently, "it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted).

To the extent plaintiff is suing defendants in their official capacities, those claims are, effectively, claims against the State of Texas, and as such, they are barred by the Eleventh Amendment. Accordingly, plaintiff's claims against defendants in their official capacities are dismissed.

    **2.     Plaintiff's claims that he was denied medical care are governed by the Eighth Amendment.**

Plaintiff claims that defendants were deliberately indifferent to his serious medical needs. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend.

5

VIII.  Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the eighth amendment.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992).  Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety.  Farmer, 511 U.S. at 834.  Deliberate indifference is more than mere negligence.  Id. at 835.  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id. at 837.

### 3. Plaintiff's deliberate indifference claim against Rick Thaler is dismissed.

Plaintiff is suing Rick Thaler, alleging that, as TDCJ Director, he is "solely responsible for the harm done to plaintiff."

A supervisory official is *not* liable for the actions of subordinates on a theory of vicarious liability.  Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005).  To hold a supervisory official responsible for alleged constitutional violations, a prisoner must demonstrate either personal involvement in the constitutional violation or show a causal link between the supervisor's actions and the alleged deprivation.  Id.

Plaintiff testified that he named Rick Thaler as a defendant because he is the TDCJ director.  This allegation does not allege personal involvement.  Moreover, plaintiff does not

contend that Rick Thaler instituted a policy that caused the van accident or caused an alleged delay in medical care. Thus, he fails to state a claim upon which relief can be granted against Rick Thaler, and plaintiff's deliberate indifference claim against this defendant is dismissed.

### 4. Plaintiff's deliberate indifference claim against Angelina Skinner is dismissed.

Angelina Skinner is the practice manager at the Stevenson Unit and she assists in seeing that inmates receive recommended medical attention. In his original complaint, plaintiff alleged that she was involved in the denial of medical care. However, at the Spears hearing, plaintiff testified that Ms. Skinner could have "acted quicker," and he perceived that she was "mad" at him for repeatedly seeing the doctor.

These allegations against Ms. Skinner fail to rise to the level of a constitutional violation. Plaintiff does not allege that she denied him recommended medical treatment, or any other care. In fact, he testified that Dr. Burns wanted him to be seen by an orthopedic specialist, and he was. Then the orthopedist wanted him to be seen by a neurologist, and he was evaluated by one. Eventually, back surgery was recommended, and he received an operation. The fact that the surgery did not take place earlier does not demonstrate delay by Ms. Skinner. Indeed, plaintiff testified that his doctors wanted him to have x-rays of his head prior to back surgery. Plaintiff's allegations against her fail to demonstrate that she ignored a serious medical need. Accordingly, plaintiff's deliberate indifference claim against Ms. Skinner is dismissed.

### 5. Plaintiff's deliberate indifference claim against Officer Adams is retained.

Plaintiff testified that Officer Adams caused the accident which resulted in his injuries by driving at high speeds, recklessly, and falling asleep at the wheel.

In general, allegations of negligence cannot support a claim for deliberate indifference.

See Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as prison officials exercise professional judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). However, assuming plaintiff's allegations as true, the decision of Officer Adams to drive at high speeds while tired, and knowing that plaintiff did not have a seatbelt and was chained to another inmate, may be deliberate indifference.

The United States Court of Appeals for the Tenth Circuit examined whether failure to seatbelt a prisoner during transportation, standing alone, constituted a constitutional violation. See generally Dexter v. Ford Motor Co., 92 F. App'x 637 (10th Cir. 2004) (unpublished). In Dexter, the court determined that there were too many other factors unrelated to the use of seatbelts involved in an automobile accident in order to allow failure to seatbelt to give rise to an Eighth Amendment violation. Id. at 641. The Tenth Circuit explained that "[t]he eventuality of an accident is not hastened or avoided by whether an inmate is seatbelted." Id. Additionally, the Tenth Circuit explained that, while the severity of harm may be aggravated by the lack of a seatbelt, other variables must be included in the risk evaluation. The Dexter court concluded that "[t]he connection between a failure to seatbelt and the risk of serious injury, even if arguably evident under state tort law, is insufficient for purposes of constitutional analysis." Id. Consequently, the court affirmed the district court's dismissal of the plaintiff's Eighth Amendment claims for failure to state a cognizable § 1983 claim.

Following Dexter, a district court in the Southern District of Mississippi dismissed for failure to state a claim a prisoner's Eighth Amendment claim alleging failure to seatbelt.

Freeman v. City of Hattiesburg Police Dep't, No. 2:07-cv-159, 2007 WL 4180538 (S.D. Miss. Nov. 20, 2007) (unpublished).  In Freeman, the plaintiff was handcuffed and placed in the back of the patrol car without being secured by a seatbelt.  Id. at *1.  The patrol car was involved in an accident, and the plaintiff sued alleging an Eighth Amendment violation.  Id.  The district court found the claim was not cognizable pursuant to § 1983, and dismissed it with prejudice.  Id. at *2; see also Dade v. Kennard, No. 2:06-CV-869, 2008 WL 4879168, at *3 (D. Utah Nov. 3, 2008) (unpublished) (isolated accidents where prisoners are not seatbelted cannot establish deliberate indifference); Oliver v. Georgia Dep't of Corrs., No. 5:06-cv-320, 2006 WL 3086792, at *3 (M.D. Ga. Oct. 27, 2006) (unpublished) (dismissing claim against department of corrections commissioner for failure to have a policy requiring seatbelts for inmates); Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 437-38 (S.D.N.Y. 2004) (holding that inmate had no constitutional right to be seatbelted while being transported handcuffed).

Conversely, in Brown v. Missouri Department of Corrections, 353 F.3d 1038 (8th Cir. 2004) (per curiam), the Eighth Circuit found that the prisoner-plaintiff stated an Eighth Amendment claim against five correctional officers involved in transporting inmates because he alleged that he asked them to fasten his seatbelt and they refused.  Id. at 1040.  In addition, the plaintiff claimed that the officers drove the vans at a high rate of speed, followed each other closely, and were recklessly passing other cars.  Id.  Indeed, all three vans were in the passing lane at the time of the accident.  Id.

In Brown v. Fortner, 518 F.3d 552 (8th Cir. 2008), the Eighth Circuit again allowed a prisoner to pursue his claim of deliberate indifference by failing to provide safe transportation.  The plaintiff alleged that the transporting officer had refused to fasten his seatbelt and knew that

9

he could not fasten it himself because he was shackled. Id. at 559. In addition, the officer drove recklessly and ignored the plaintiff's requests to slow down. The Eighth Circuit "conclude[d] that [defendant] had "fair warning" that driving recklessly while transporting a shackled inmate who had been denied the use of a seatbelt and ignoring requests to slow down violated the constitutional prohibition against cruel and unusual punishment." Id. at 561.

Considering the different court opinions, it appears that an allegation of simply being transported without a seatbelt does not, in and of itself, give rise to a constitutional claim. However, if the claim is combined with allegations that the driver was driving recklessly, then their actions may violate the Eighth Amendment. Brown v. Fortner, 518 F.3d at 560; see also Wilbert v. Quarterman, 647 F. Supp. 2d 760, 770 (S.D. Tex. 2009) (denying motion to dismiss a deliberate indifference claim where inmate was denied a seatbelt and the vehicle was driving too fast); Walls v. Kaho, No. 5:06-cv-188, 2008 WL 508618 (S.D. Miss. Feb. 20, 2008) (unpublished) (transportation of prisoners without seatbelts *might* constitute deliberate indifference where plaintiff can demonstrate "a pattern of unconstitutional behavior," such as a large number of prisoners suffering injuries during transport as a result of not wearing seatbelts, and that defendants knew of the injuries and risk); Barela v. Romero, No. 06-41, 2007 WL 2219441, at *7-8 (D.N.M. May 10, 2007) (unpublished) (denying dismissal and distinguishing Dexter where plaintiff-inmate received no seatbelt and defendants were driving recklessly).

In Barela, the court concluded "that a reasonable officer would understand that driving a transport van at high speeds, and stopping erratically, is likely to endanger prisoners who are unsecured and who cannot brace themselves because they are handcuffed and shackled." 2007 WL 2219441, at *7. The court further explained that the plaintiff had "pled that these particular

officers were actually aware of these conditions and were indifferent to the consequences of their actions." Id.

In this case, plaintiff testified that, not only did he not have a seatbelt, he was chained to another, heavier, inmate. In addition, he alleges that Officer Adams was driving at a high rate of speed and in a reckless manner. For purposes of § 1915A, plaintiff has stated sufficient facts to state a claim of deliberate indifference against Officer Adams, and service will be ordered on this defendant.

## IV.  CONCLUSION

For the reasons stated herein, plaintiff's claims against defendants in there official capacities are dismissed as barred by the Eleventh Amendment. Plaintiff's Eighth Amendment claims alleging deliberate indifference to his health and safety are dismissed as to defendants Rick Thaler and Angelina Skinner for failure to state a claim. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Plaintiff's deliberate indifference claim against Officer Adams is retained, and service shall be ordered.

ORDERED this 30th day of September 2011.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE