IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KENNETH R. JOHNSON | § | |
|     TDCJ-CID #1536748 | § | |
| v. | § | C.A. NO. V-10-025 |
| | § | |
| RICK THALER, ET AL. | § | |

**OPINION AND ORDER DENYING PLAINTIFF'S**
**MOTION FOR A TEMPORARY RESTRAINING ORDER**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's motion for a temporary restraining order. (D.E. 20). For the reasons discussed below, the motion is denied without prejudice.

**I.  BACKGROUND**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and he is currently incarcerated at the Stiles Unit in Beaumont, Texas, although his complaint concerns events that occurred while he was confined at the Stevenson Unit in Cuero, Texas.  He filed his original complaint on March 30, 2010, naming TDCJ-CID Director Rick Thaler, Angela Skinner, and Officer Adams as defendants.  (D.E. 1). Specifically, he alleged that his civil rights were violated based on an accident in which he was involved during his transportation to another prison unit.  See generally Johnson v. Thaler, No. V-10-025, 2011 WL 3592384 (S.D. Tex. Sept. 30, 2011) (unpublished).  His deliberate indifference claims against Rick Thaler and Angela Skinner were dismissed.  Id. at *3-4.  His claim against Officer Adams was retained and service was ordered.  Id. at *4-6.

In the pending motion, Plaintiff is seeking a temporary restraining order because he is being denied medical care at the Stiles Unit.  (D.E. 20, at 1).  Specifically, he alleges that he is being denied medication as well as a back brace and boots for ankle support.  He also asserts that

Stiles Unit officers are denying him the ability to receive help in the law library from other inmates.

## II.  DISCUSSION

**A.     A Temporary Restraining Order Is An Extraordinary Remedy.**

A TRO "should be restricted to serving [the] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  <u>Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70</u>, 415 U.S. 423, 439 (1974).  Pursuant to Rule 65 of the Federal Rules of Civil Procedure,

> [a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

<u>Royal Ins. Co. v. Quinn-L Capital Corp.</u>, 3 F.3d 877, 885 n.5 (5th Cir. 1993) (quoting Fed. R. Civ. P. 65(b)).  In <u>Granny Goose Foods</u>, the Supreme Court explained that when "a temporary restraining order has been continued beyond the time limits permitted under Rule 65(b), and where the required findings of fact and conclusions of law have not been set forth, the order is invalid."  415 U.S. at 443 n.17 (citations omitted); <u>see also</u> <u>Phillips v. Chas. Schreiner Bank</u>, 894 F.2d 127, 130 n.5 (5th Cir. 1990) (pursuant to Rule 65, a temporary restraining order will expire no later than ten days after it is issued).

Here, Plaintiff alleges violations that occur while he is in custody at the Stiles Unit which is in the United States District Court for the Eastern District of Texas.  <u>See</u> 28 U.S.C.

§ 124(c)(2). Accordingly, this Court does not have jurisdiction over Plaintiff's claims. Instead, he must file any such claims and requests for injunctive relief in that court.[1]

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for a temporary restraining order, (D.E. 20), is DENIED without prejudice.

ORDERED this 3rd day of November 2011.

 _____
 BRIAN L. OWSLEY
 UNITED STATES MAGISTRATE JUDGE

---

[1] In the Order retaining his claims against Officer Adams, it was explained that "[t]o the extent plaintiff seeks to raise claims against Stiles Unit officials, he is advised that he must do so in a separate civil action filed in the Eastern District of Texas, Tyler Division." Johnson, 2011 WL 4592384, at *2 n.2 (citing 28 U.S.C. § 124(c)(2)).